**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA REINGOLD, on behalf of herself, and all others similarly situated,<br><br>              Plaintiff,<br>       v.<br><br>ELEMENTS THERAPEUTIC MASSAGE, LLC; and GO MODERN HEALTH CORP.,<br><br>              Defendants. | Case No.: 8:20-cv-00785-GW (DFMx)<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u> |

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

**INTRODUCTION**

1.      Plaintiff Lisa Reingold ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Elements Therapeutic Massage, LLC and GO Modern Health Corp. ("Elements" or "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge:

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

3.      This Court has general jurisdiction over Defendants because Defendants conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of California.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District and because Plaintiff resides and suffered the alleged harm in this District.

**FACTUAL ALLEGATIONS**

5.      Defendants have made the unconscionable decision to keep charging their thousands of customers monthly membership fees while closing their massage studios as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

6.      Defendant Elements Therapeutic Massage, LLC is the operator of more than 250 massage studios[1] throughout the United States, operating in approximately

---

[1] https://elementsmassage.com/national-access (last visited July 8, 2020).

1

18 cities in California alone.[2] Defendant Elements Therapeutic Massage, LLC is the franchisor of these massage studios. Defendant GO Modern Health Corp. is the operator and franchisee of the Elements Massage Studio in Laguna Niguel, California that Plaintiff attended.  Defendants offer the "Elements Wellness Program," which is a "month-to-month membership that grants each client one massage session per month at a discounted rate. It also provides clients as many additional sessions as desired at the discounted member rate. The payment method is simply handled through auto debit once per month."[3]  The monthly membership fee is approximately $79.00.

7.      To sign up for Defendants' month-to-month membership program, customers provide Defendants with their credit card or debit card information. Defendants then automatically charge their customers' credit or debit cards as payments are due on a monthly basis.

8.      In approximately mid-March of 2020, Defendants closed all of their massage studios due to the COVID-19 pandemic, including the Elements Massage Studio located in Laguna Nigel, California. However, unlike most of their competitors, Defendants continued charging their members monthly membership fees— at full price. Defendants are able to unilaterally charge their customers monthly fees without their consent, as they are in possession of their customers' debit and credit card information. Thus, Defendants have made the deliberate decision to bilk their customers out of roughly $79.00 per month while their customers do not have access to Defendants' massage studios. The sole reason Defendants' customers pay monthly membership fees is to have access to Defendants' massage studios. During the relevant time period, Defendants were charging their customers the full price of membership fees while denying customers access to their massage studios.

---

[2] https://elementsmassage.com/all-massage-locations (last visited July 8, 2020).

[3] https://elementsmassage.com/membership (last visited July 8, 2020).

*Reingold v. Elements Therapeutic Massage, LLC, et al*., Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

9.     Plaintiff seeks relief in this action individually, and on behalf of all of Defendants' customers nationwide that have paid or were charged fees while Defendants' massage studios were closed for Defendants' violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§1750, *et seq.,* Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.,* False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, and for breach of contract, unjust enrichment, and money had and received.

## <u>PARTIES</u>

10.     Plaintiff Lisa Reingold is a citizen of California, residing in Aliso Viejo, California. Ms. Reingold is a current member of Defendants' Monthly Wellness Membership, and is charged $79.00 per month on a month-to-month basis. Plaintiff has been an Elements Monthly Wellness member since approximately August of 2019.  In approximately mid-march of 2020, Defendants closed their massage studios, including the Elements Massage Studio in Laguna Nigel, California that Plaintiff attended. However, Defendants charged Plaintiff's credit card in the full amount of her month-to-month membership— $79.00— even though Plaintiff does not have access to any of Defendants' massage studios. Further, Defendants have not refunded Plaintiff any part of her monthly fee for the time in which Defendants' massage studios have remained closed.  Plaintiff signed up for Defendants' month-to-month membership with the belief and on the basis that she would have access to Defendants' massage studios at any time during the months that she was charged. Plaintiff would not have paid for the membership, or would not have paid for it on the same terms, had she known that she would not have access to any of Defendants' massage studios.  Plaintiff continues to face imminent harm, as Defendants continue charging their customers monthly fees during the time in which their massage studios remain closed.

11.     Defendant Elements Therapeutic Massage, LLC is a Delaware limited liability company that maintains its principal place of business at 9780 S. Meridian

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

Blvd., #400, Englewood, Colorado 80112. Defendant Elements Therapeutic Massage, LLC is the operator of more than 250 massage studios nationwide, including massage studios in California. Defendant Elements Therapeutic Massage, LLC is the franchisor of the Elements Massage Studios, including the Elements Massage Studio located in Laguna Niguel, California that Plaintiff attended.

12.     Defendant GO Modern Health Corp. is a California corporation that is registered to do business in California as entity number C3502034. Defendant GO Modern Health Corp. is the operator and franchisee of the Elements Massage Studio located at 27901 La Paz Rd Suite E, Laguna Niguel, California 92677 that Plaintiff attended.

## VICARIOUS LIABILITY ALLEGATIONS

### A.   Joint Enterprise

13.     Defendant Elements Therapeutic Massage, LLC and Defendant GO Modern Health Corp. have entered into a joint undertaking to carry out a single business enterprise for profit. Defendants jointly operate the Elements Massage Studio located in Laguna Niguel, California that Plaintiff attended. Defendant Elements Therapeutic Massage, LLC is the franchisor of the Elements Massage Studio in Laguna Niguel, California and Defendant GO Modern Health Corp. is the franchisee of the Elements Massage Studio in Laguna Niguel, California.

14.     Defendants have equal rights to direct and govern the Elements Massage Studio located in Laguna Niguel, California and Defendants have a joint proprietary interest relating to the Elements Massage Studio in Laguna Niguel, California. For example, according to an Elements Therapeutic Massage Franchise Disclosure Document ("FDD")[4], Defendants share in the profits that are derived from the Elements Massage Studio located in Laguna Niguel, California. *See* Ex. A at p. 96. The FDD states that Defendant Elements Therapeutic Massage, LLC will receive 6%

---

[4] A copy of the Elements Therapeutic Massage Franchise Disclosure Document is attached as Exhibit A to this First Amended Complaint.

of gross receipts every month from its franchisees, including Defendant GO Modern Health Corp. *See id*. According to the FDD, gross receipts include "all of [the franchisee's] *revenue* and receipts, including those taken by cash, credit card, debit card, check, trade, barter or exchange, electronic funds transfer, or any other means of credit which are derived from the operations of your Studio, including, but not limited to, the sale of massage and bodywork services…" (*See id*. at p. 97) (emphasis added).

15.     Defendant Elements Therapeutic Massage, LLC also controls the services that will be provided and all products that will be offered for sale at the Elements Massage Studios, including the Elements Massage Studio operated by Defendant GO Modern Health Corp. (*See* Ex. A at pp. 40, 108). Defendant Elements Therapeutic Massage, LLC further retains the right to establish both minimum and maximum prices that may be charged for products and services offered at Elements Massage Studios. (*Id*. at pp. 41, 108).

16.     Defendants Elements Therapeutic Massage, LLC also controls the marketing for its Elements Massage Studios, including the Elements Massage Studio located in Laguna Niguel, California. For example, the FDD states that franchisees, such as Defendant GO Modern Health Corp., must contribute 1% of their gross receipts to a marketing fund. *See* Ex. A at p. 17. The marketing fund is controlled by Defendant Elements Therapeutic Massage, LLC, which it spends "on preparing advertising and promotional materials and advertising, marketing, and promotional materials" for franchisee studios, including the Elements Massage Studio located in Laguna Niguel, California.  *See* Ex. A at p. 17. Defendants Elements Therapeutic Massage, LLC also establishes "Marketing Cooperatives" in specific geographic areas where its massage studios are located. *See* Ex. A at p. 17.

17.     Defendant Elements Therapeutic Massage, LLC also has an equal right of control over the operations of its franchisee massage studios, including the Elements Massage Studio located in Laguna Niguel, California. For example,

5

Defendant Elements Therapeutic Massage, LLC controls the operations of the franchisee massage studios by (a.) offering training courses to employees (*See* Ex. A at p. 17 & 28); (b.) approving insurance carriers (*See* Ex. A at p. 17 & 23); (c.) approving the suppliers of cabinetry and millwork (*See* Ex. A. at p. 18); (d.) approving the suppliers of massage equipment and supplies (*See* Ex. A. at p. 18 & 23); (e.) approving the furniture, décor, and other equipment used in each massage studio (*See* Ex. A. at p. 18 & 23); (f.) approving the computer hardware and software that will be used in each massage studio (*See* Ex. A. at p. 18); and (g.) by providing real estate services when choosing a studio location. (*See* Ex. A. at p. 21).

18.     In advertising franchise opportunities, Defendant Elements Therapeutic Massage, LLC advertises "a business that takes the guesswork out of daily operations…"[5] According to the FDD, Defendant GO Modern Health Corp. is required to operate the Elements Massage studio according to Defendant Elements Therapeutic Massage, LLC's standards. (*See* Ex. A at p. 8 ("You will operate the Studio according to our standards, specifications, methods, techniques, and operating and other procedures ('System Standards') that constitute the Franchise System. The distinguishing characteristics of the Franchise System include the [Elements Massage trademark], the interior layout and design, color scheme, signage and equipment, copyrights, titles, symbols, emblems, slogans, insignia, designs, diagrams, artworks, worksheets, originals, techniques, rules, ideas, philosophies, illustrations, course materials, the operations manual, any other manuals or materials loaned to you, and any additional manuals and materials periodically provided to you regarding the operations of your Studio…")).

**B.   Agency**

19.     Defendant Elements Therapeutic Massage, LLC and Defendant GO Modern Health Corp. have entered into an agency relationship whereby Defendant

---

[5] https://elementsmassage.com/franchise/index.html (last visited July 8, 2020).

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

1  Elements Therapeutic Massage, LLC acts as the principal and Defendant GO Modern
2  Health Corp. acts as the agent. Defendant Elements Therapeutic Massage, LLC has
3  manifested its assent to Defendant GO Modern Health Corp. for purposes of
4  Defendant GO Modern Health Corp. acting on Defendant Elements Therapeutic
5  Massage, LLC's behalf and subject to Defendant Elements Therapeutic Massage,
6  LLC's control.

7       20.     On information and belief, Defendants Elements Therapeutic Massage,
8  LLC and GO Modern Health Corp. have entered into a contract that establishes an
9  agency relationship. Plaintiff is informed and believes that the terms of the contract
10 are similar to the terms that are outlined in the FDD attached hereto as Exhibit A.
11 The FDD also allows Defendant Elements Therapeutic Massage, LLC to exert
12 control over the operations of Defendant GO Modern Health Corp. by (a.) offering
13 training courses to employees (*See* Ex. A at p. 17 & 28); (b.) approving insurance
14 carriers (*See* Ex. A at p. 17 & 23); (c.) approving the suppliers of cabinetry and
15 millwork (*See* Ex. A. at p. 18); (d.) approving the suppliers of massage equipment
16 and supplies (*See* Ex. A. at p. 18 & 23); (e.) approving the furniture, décor, and other
17 equipment used in each massage studio (*See* Ex. A. at p. 18 & 23); (f.) approving the
18 computer hardware and software that will be used in each massage studio (*See* Ex.
19 A. at p. 18); and (g.) by providing real estate services when choosing a studio
20 location. (*See* Ex. A. at p. 21).

21      21.     The FDD also requires that Defendant GO Modern Health Corp. operate
22 its massage studio according to Defendant Elements Therapeutic Massage, LLC's
23 standards. (*See* Ex. A at p. 8 ("You will operate the Studio according to our standards,
24 specifications, methods, techniques, and operating and other procedures ('System
25 Standards') that constitute the Franchise System. The distinguishing characteristics
26 of the Franchise System include the [Elements Massage trademark], the interior
27 layout and design, color scheme, signage and equipment, copyrights, titles, symbols,
28 emblems, slogans, insignia, designs, diagrams, artworks, worksheets, originals,

techniques, rules, ideas, philosophies, illustrations, course materials, the operations manual, any other manuals or materials loaned to you, and any additional manuals and materials periodically provided to you regarding the operations of your Studio…")).

22.     On information and belief, Defendant Elements Therapeutic Massage, LLC requires, and Defendant GO Modern Health Corp. implements, the Elements membership program which permits members who pay a monthly membership fee to receive one massage per month. *See* Ex. A. at p. 8 ("Elements Studios offer a membership program under which members, for a monthly fee, receive one massage per month."); *see also id*. at p. 41 ("You must offer to customers any membership program we require.").

## C.   <u>Aiding and Abetting</u>

23.     Defendant Elements Therapeutic Massage, LLC has also aided and abetted the conduct of Defendant GO Modern Health Corp. and other franchisees by controlling all aspects of the operations of Elements Massage Studios, including the Elements Massage Studio located in Laguna Niguel, California. Specifically, Defendant Elements Therapeutic Massage, LLC has aided and abetted the conduct giving rise to this action, including by charging the credit cards and debit cards of Elements Massage Studio customers, including Plaintiff, during the time in which the massage studios were closed due to the coronavirus.

24.     On information and belief, Defendant Elements Therapeutic Massage, LLC requires, and Defendant GO Modern Health Corp. implements, the Elements membership plan at issue. *See* Ex. A. at p. 41 ("You must offer to customers any membership program that we require.").

25.     Defendant Elements Therapeutic Massage, LLC knew that Defendant GO Modern Health Corp. and other franchisees were unlawfully charging the credit cards and debit cards of Elements Massage Studio customers, including Plaintiff, during the time in which the massage studios were closed due to the coronavirus.

8

Defendant Elements Therapeutic Massage, LLC also provided substantial assistance to Defendant GO Modern Health Corp. and other franchisees to charge the credit cards and debit cards of Elements Massage Studio customers, including Plaintiff, during the time in which the massage studios were closed due to the coronavirus. For example, Defendant Elements Therapeutic Massage, LLC provides its franchisees, including Defendant GO Modern Health Corp., with the "computer software required for conducting point of sale transactions." *See* Ex. A at p. 23-24.

26.     Defendant Elements Therapeutic Massage, LLC also provided substantial assistance to its franchisees, including Defendant GO Modern Health Corp., by (a.) offering training courses to employees (*See* Ex. A at p. 17 & 28); (b.) approving insurance carriers (*See* Ex. A at p. 17 & 23); (c.) approving the suppliers of cabinetry and millwork (*See* Ex. A. at p. 18); (d.) approving the suppliers of massage equipment and supplies (*See* Ex. A. at p. 18 & 23); (e.) approving the furniture, décor, and other equipment used in each massage studio (*See* Ex. A. at p. 18 & 23); (f.) approving the computer hardware and software that will be used in each massage studio (*See* Ex. A. at p. 18); and (g.) by providing real estate services when choosing a studio location. (*See* Ex. A. at p. 21).

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who, during the period in which Defendants' massage studios were closed, incurred fee(s) in connection with Defendants' membership plans.

28.     Plaintiff also seeks to represent a subclass defined as all members of the Class who are members of an Elements Massage studio in California (the "California Subclass").

29.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

30. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31. Plaintiff is a member of the Class and California Subclass she seeks to represent.

32. Defendants have thousands of customers nationwide that have paid or were charged fees while Defendants' massage studios were closed. Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

33. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have breached contracts with their customers and whether their actions are fraudulent and unlawful.

34. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading advertising and was charged membership fees despite being barred from entry into Defendants' massage studios, and suffered losses as a result.

35. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

36. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## **FIRST CAUSE OF ACTION**

### **Violation of California's Consumers Legal Remedies Act**

### **Cal. Civ. Code §§ 1750,** *et seq.*

37.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38.     Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

39.     Plaintiff and Class members are consumers who paid fees for use of Defendants' massage studios for personal, family or household purposes. Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

40.     Access to Defendants' massage studios – the benefit for which Plaintiff and class members bargained, contracted, and paid Defendants – is a "service" within the meaning of Cal. Civ. Code § 1761(b). The purchases by Plaintiff and the Class are "transactions" within the meaning of Cal. Civ. Code § 1761(e).

41.     Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to

11

result, or which have resulted in, the sale of services to consumers.

42. Defendants' advertising that their massage studios would be available to their customers and that their customers would have access to Defendants' massage studios upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed all of their massage studios while continuing to charge their customers the full price of membership.

43. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the services.

44. Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the services.

45. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertise services with the intent not

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

to sell the services as advertised.

46.    Plaintiff and the Class acted reasonably when they purchased Defendants' massage studio membership on the belief that Defendants' representations were true and lawful.

47.    Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' massage studio memberships absent Defendants' representations and omission of a warning that they would continue charging customers' credit cards and debit cards while all massage studios nationwide were closed; (b) they would not have purchased massage studio memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' massage studio memberships based on Defendants' misrepresentations and omissions; and (d) Defendants' massage studio memberships did not have the characteristics, benefits, or quantities as promised.

48.    Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA.

49.    In compliance with the provisions of California Civil Code § 1782, Plaintiff sent written notice to Defendant Elements Therapeutic Massage, LLC  on April 30, 2020, informing Defendant Elements Therapeutic Massage, LLC  of her intention to seek damages under California Civil Code § 1750. The letter was sent via certified mail, return request, advising Defendant Elements Therapeutic Massage, LLC  that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter expressly stated that it was sent on behalf of Plaintiff and "all other persons similarly situated." More than thirty days have passed since the written notice letter was sent and Defendant Elements Therapeutic Massage, LLC has failed to take the corrective action described in Plaintiff's letter. Accordingly, Plaintiff, individually and on behalf of the Class, seeks damages from Defendant Elements Therapeutic Massage, LLC as permitted by Civil Code § 1782(d) for Defendant Elements

Therapeutic Massage, LLC's violations of the CLRA.

50.     Plaintiff will mail an appropriate demand letter consistent with California Civil Code § 1782(a) to Defendant GO Modern Health Corp. If Defendant GO Modern Health Corp. fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d).

51.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA against Defendants. Plaintiff also seeks damages against Defendant Elements Therapeutic Massage, LLC.

## SECOND CAUSE OF ACTION

### Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

52.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

53.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

54.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

55.     Defendants' advertising that their massage studios would be available to customers, and that their customers would have access to their massage studios upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed all of their massage studios while continuing to charge customers the full price of massage studio memberships.

56.     Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA, the FAL, and other applicable

14

law as described herein.

57.     Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendants' advertising and their charging of membership fees while their massage studios are closed is of no benefit to consumers.

58.     Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendants' massage studios.

59.     Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendants' massage studios were open and accessible.

60.     Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' massage studio memberships absent Defendants' representations and omission of a warning that they would continue charging customers' credit cards and debit cards while all massage studios nationwide are closed; (b) they would not have purchased massage studio memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' massage studio membership based on Defendants' misrepresentations and omissions; and (d) Defendants' massage studio memberships did not have the characteristics, benefits, or quantities as promised.

## **THIRD CAUSE OF ACTION**

### **Violation of California's False Advertising Law**

### **Cal. Bus. & Prof. Code §§ 17500,** *et seq.*

61.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

62.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

63.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

64.    Defendants engaged in a scheme of charging customers full monthly membership fees while their massage studios were closed. Defendants' advertising and marketing of their massage studios as being accessible during the membership fee period misrepresented and/or omitted the true content and nature of Defendants' services. Defendants knew that these statements were unauthorized, inaccurate, and misleading.

65.    Defendants' advertising that their massage studios would be available to customers during the membership period, and that their customers would have access to Defendants' massage studios upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact closed all of their massage studios while continuing to charge customers the full price of massage studio memberships.

66.    Defendants violated § 17500, *et seq*. by misleading Plaintiff and the Class to believe that they would be charged fees only when they have access to Defendants' massage studios.

67.    Defendants knew or should have known, through the exercise of

16

reasonable care that the advertising of their massage studios as being accessible during the membership period is false and misleading. Further, Defendants knew or should have known that they were breaching contracts with their customers and fraudulently charging fees when they continued charging fees while their massage studios were closed.

68.     Plaintiff and the Class lost money or property as a result of Defendants' FAL violation because (a) they would not have purchased or paid for Defendants' massage studio memberships absent Defendants' representations and omission of a warning that they would continue charging customers' credit cards and debit cards while all massage studios nationwide are closed; (b) they would not have purchased massage studio memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' massage studio membership based on Defendants' misrepresentations and omissions; and (d) Defendants' massage studio memberships did not have the characteristics, benefits, or quantities as promised.

## FOURTH CAUSE OF ACTION

### Breach of Contract

69.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

70.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

71.     Defendants entered into contracts with Plaintiff and Class members to provide access to massage services in exchange for the payment of membership fees. Defendants have breached these contracts by continuing to charge Plaintiff and Class members' debit and credit cards while Defendants' massage studios remain closed. Plaintiff and Class members have suffered an injury through the payment of

17

membership fees while not having access to Defendants' massage studios.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

72.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

73.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

74.     Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, membership fees while Defendants' massage studios were closed.

75.     Defendants have knowledge of such benefits.

76.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendants are charging their customers full price for memberships while their massage studios remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendants' membership fees had the true facts been known.

77.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## SIXTH CAUSE OF ACTION

### Money Had and Received

78.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

79.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

80.     Defendants received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit of Plaintiff and the Class, and Defendants have not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

81.     Defendants obtained money in the form of membership fees that were intended to be used to provide massage studio access to Plaintiff and the Class. However, Defendants have retained all of the membership fees while their massage studios were closed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b) For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c) For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT

Court and/or jury;

f) For prejudgment and postjudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 9, 2020

*/s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
MICHAEL T. HOUCHIN
LILACH HALPERIN
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
*Attorneys for Plaintiff and the Proposed Class*

*Reingold v. Elements Therapeutic Massage, LLC, et al.*, Case No. 8:20-cv-00785
FIRST AMENDED CLASS ACTION COMPLAINT